# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY SCOTT ELKINS,** | ) | Civil Action No. 7:11-cv-00537 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **W. C. DARNELL, et al.,** | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |         United States District Judge |

Jimmy Scott Elkins, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Wise County Sheriff's Office and W. C. Darnell, an investigator at that office. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff's sole allegation is that "W. C. Darnell obtained a search warrant to obtain materials [involving explosives or firebombs]. W. C. Darnell . . . took several items not listed on the search warrant, violating my Fourth Amendment right. . . . Darnell also violated my Freedom of Religion, Political Beliefs, and Speech as he specifically targeted items of Religious and Political natures that were not listed as items to look for in the original search warrant." (Compl. 2; Ver. Stmnt. 2.) Plaintiff is presently a defendant to on-going criminal proceedings in the Circuit Court of Wise County, Virginia, for allegedly possessing bomb materials in violation of Virginia Code § 18.2-85. Commonwealth v. Elkins, No. CR10F00494-00 (Va. Cir. Ct.).

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274,

1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  The Wise County Sheriff's Office is not a "person" amenable to suit via § 1983, and any claim against it must fail.  Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989).  See Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir. 1990) (recognizing Virginia sheriffs' deputies are not employees of Virginia counties or cities).

The Fourth Amendment prohibits unreasonable searches and seizures and requires probable cause to support a warrant.  U.S. Const. amend. IV.  Plaintiff alleges that Darnell's seizure of plaintiff's "religious" and "political" property constitutes a Fourth Amendment violation because that property was not specifically described in the search warrant.

Plaintiff fails to explain how he had a constitutionally-protected expectation of privacy in the "religious" and "political" items.  See, e.g., Katz v. United States, 389 U.S. 347, 351-352 (1967) (discussing the need of a constitutionally-protected expectation of privacy to claim a Fourth Amendment violation).  Furthermore, plaintiff fails to establish what the "religious" or "political" property actually are beyond his own label and conclusion, and he further fails to explain how the seizure of the property was unreasonable.  See U.S. Const. amend. IV (protecting against unreasonable seizures).  Instead, plaintiff seeks to impose strict liability on Darnell for seizing items not specifically described in the search warrant.  Numerous legal exceptions exist to permit a deputy to seize property discovered during the execution of a search

warrant.  See, e.g., Horton v. California, 496 U.S. 128, 136-37 (1990) (describing the plain-view exception to the warrant requirement).  Accordingly, plaintiff presently fails to state a claim upon which relief may be granted.

To the extent criminal proceedings are still pending against plaintiff, federal courts are not authorized to interfere with Virginia's pending criminal proceedings absent extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 44 (1971).  See Emp'rs Res. Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (holding federal district courts should abstain from constitutional challenges involving on-going state judicial proceedings and important state interests if the federal claims have been or could be presented in ongoing state judicial proceedings).  Plaintiff can petition the state court to suppress the "religious" and "political" property as evidence and to order the property returned to plaintiff.  See Va. Code § 19.2-60 (permitting a criminal defendant to petition a court to return unlawfully seized evidence).  A judgment in plaintiff's favor in this action would unduly interfere with Virginia's important interests to enforce state criminal laws and federal constitutional rights in state criminal proceedings.  See 28 U.S.C. § 2254(b), (d) (describing a federal district court's deferential review of state court criminal convictions based on alleged violations of federal law).  Accordingly, abstention is appropriate for this action.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: March 22, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge